## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**MARK LEE BOWEN,**

       **Plaintiff,**

**v.**                                          **Civil Action No. 2:14-cv-21824**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

       **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's applications for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.   By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the court are the parties' cross-motions for judgment on the pleadings (ECF Nos. 14, 15 and 16).

Mark Lee Bowen (hereinafter referred to as Claimant), filed application for DIB on October 20, 2010, alleging disability as of January 30, 2010.   His claim was denied initially and upon reconsideration. On February 28, 2011, Claimant requested a hearing before an Administrative Law Judge (ALJ). The hearing was held on January 9, 2013, before the Honorable William R. Paxton (ECF Nos. 10-24).   By decision dated January 17, 2013, the ALJ determined that Claimant was not entitled to benefits.   The ALJ's decision became the final decision of the Commissioner on May 13, 2014, when the Appeals Council denied Claimant's request for review.

On July 10, 2014, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2014).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  *Id.* §§ 404.1520(a), 416.920(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  *Id.* §§ 404.1520(b), 416.920(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  *Id.* §§ 404.1520(c), 416.920(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  *Id.* §§ 404.1520(d), 416.920(d).  If it does, the claimant is found disabled and awarded benefits.  *Id.*  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  *Id.* §§ 404.1520(e), 416.920(e).  By satisfying inquiry four, the claimant establishes a *prima facie* case of disability.  *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities

2

and claimant's age, education and prior work experience.   20 C.F.R. §§ 404.1520(f), 416.920(f) (2014).   The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date (Tr. at 12).   Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of migraine headaches, obesity, vertigo, major depressive disorder and generalized anxiety disorder. (*Id.*)   At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 13).   The ALJ then found that Claimant has a residual functional capacity for sedentary work, reduced by nonexertional limitations (Tr. at 16).   As a result, Claimant cannot return to his past relevant work (Tr. at 22).   The ALJ concluded that Claimant could perform jobs such as food sorter, document preparer and folder, which exist in significant numbers in the national economy (Tr. at 24).   On this basis, benefits were denied. (*Id.*)

<u>Scope of Review</u>

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.   In *Blalock v. Richardson*, substantial evidence was defined as:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a

verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Cellebreze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, make credibility determinations or substitute its judgment for that of the Commissioner. *Id.* "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence because the ALJ made contradictory findings regarding Claimant's medications and treatments. As a result, the court proposes that the presiding District Judge **REVERSE** the final decision of the Commissioner and **REMAND** this case to the Commissioner for further proceedings consistent with this opinion.

## The ALJ's Decision

The ALJ held that "Treatment and medication **have not** improved the claimant's conditions, which are chronic and progressive in nature" (*emphasis added*) (Tr. at 12). Later, the ALJ found that "In terms of the claimant's alleged physical impairments, the medical evidence of record shows that the claimant's migraines are well controlled with Topamax and a headache diet"

and "[t]he medical evidence shows that the claimant's mental impairments are well controlled with medications" (Tr. at 16, 21).   As a result of the ALJ's inconsistent findings, this Court cannot properly determine whether substantial evidence supports the ALJ's decision to deny Claimant's application.

The issue of treatment and medication is at the heart of the ALJ's determination that Claimant's impairments do not preclude him from all work like activity.   The ALJ's credibility analysis assessed the severity of Claimant's alleged symptoms and limitations by whether Claimant's impairments were controlled with medications and treatments. The ALJ's decision states that Claimant stopped taking Topamax, a prescription to treat migraines, because the medication was causing "his renal difficulties" (Tr. at 17).   Although the ALJ discussed Claimant's migraines while on and off the medication, the ALJ did not provide any substantive discussion on the side effects Claimant experienced while on Topamax.   The ALJ provided no discussion on whether Claimant's alleged side effects from Topamax had any bearing on Claimant's credibility analysis.   Additionally, the ALJ did not make a determination on whether Claimant's alleged "failure" to follow a prescribed treatment was justifiable.

<u>Claimant's Challenges to the Commissioner's Decision</u>

In his Brief in Support of Motion for Judgment on the Pleadings, Claimant asserts that the ALJ erroneously held him to a higher standard of proof than is required by the Social Security Act and the Commissioner's regulations (ECF No. 14). Additionally, Claimant asserts that the ALJ's credibility and pain analysis was deficient.

The Commissioner asserts that the evidence of record supports the ALJ's finding that Claimant could perform the unskilled, sedentary jobs identified at the hearing by the vocational

expert (ECF No. 15).   Additionally, the Commissioner asserts that the ALJ appropriately relied on vocational expert testimony to find that there were other jobs in the national economy that Claimant remained able to perform.   (*Id.*)

Discussion

The regulations provide that "In determining whether you are disabled, we consider all of your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence..." such as "prescribed treatment" 20 C.F.R. § 404.1529 (2014).   "Since symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, we will carefully consider any other information you may submit about your symptoms…" including "[t]he type, dosage, effectiveness and side effects of any medication you take or have taken to alleviate your pain or other symptoms…" and "[t]reatment, other than medication, you receive or have received for relief of your pain or other symptoms…" Additionally, the Commissioner must factor in "Any measures you use or have used to relieve your pain or other symptoms…"   (*Id.)*

The regulations direct that prescribed treatment should be followed. 20 C.F.R. § 404.1530 (2014).   Treatment prescribed by your physician must be followed if the treatment can restore your ability to work.   (*Id.*)   "If you do not follow the prescribed treatment without a good reason, we will not find you disabled or, if you are already receiving benefits, we will stop paying you benefits."

Consistent with the above regulations, Social Security Ruling (SSR) 82-59 directs that "[i]ndividuals with a disabling impairment which is amenable to treatment that could be expected to restore their ability to work must follow the prescribed treatment to be found under a disability,

6

unless there is a justifiable cause for the failure to follow such treatment."  SSR 82-59, 1982 WL

31384, * 1 (1982).  "Where SSA makes a determination of 'failure,' a determination must also be

made as to whether or not failure to follow prescribed treatment is justifiable."  *Id.*

SSR 82-59 states that the Commissioner may make a determination that an individual has

failed to follow prescribed treatment only where all of the following conditions exist:

> 1. The evidence establishes that the individual's impairment precludes engaging in
> any substantial gainful activity (SGA) or, in the case of a disabled widow(er) that
> the impairment meets or equals the Listing of Impairments in Appendix 1 of
> Regulations No. 4, Subpart P; and
> 2. The impairment has lasted or is expected to last for 12 continuous months from
> onset of disability or is expected to result in death; and
> 3. Treatment which is clearly expected to restore capacity to engage in any SGA (or
> gainful activity, as appropriate) has been prescribed by a treating source; and
> 4. The evidence of record discloses that there has been refusal to follow prescribed
> treatment.  *Id.* at * 1.

The ALJ must accompany his decision with sufficient explanation to allow a reviewing

court to determine whether the Commissioner's decision is supported by substantial evidence.

"[T]he [Commissioner] is required by both the Social Security Act, 42 U.S.C. § 405(b), and the

Administrative Procedure Act, 5 U.S.C. § 557(c), to include in the text of [his] decision a

statement of the reasons for that decision."  *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986).

The ALJ's "decisions should refer specifically to the evidence informing the ALJ's conclusion.

This duty of explanation is always an important aspect of the administrative charge . . . ."

*Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985).

In the present matter, the ALJ does not seem to consider the "record as a whole." The ALJ

discusses only selective evidence negative to Claimant and gives more weight to certain evidence

without stating any reason why it is more credible.  While not required to discuss every piece of

evidence, an ALJ should discuss evidence that, if believed, could lead to a finding of disability.

7

*Barrett v. Barnhart*, 355 F.3d 1065, 1068 (7th Cir. 2004); 20 C.F.R. § 404.1523 (2005); *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) (per curiam); *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) (Determination of whether substantial evidence supports decision in social security disability case requires reviewing court to consider not only evidence in the record that supports Commissioner's determination, but also any evidence that detracts from that conclusion.)   In the absence of an explanation of the evidence which was rejected, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored. Failure by an ALJ to provide specific reasons for rejecting claimant's evidence is grounds for a remand.   The ALJ must articulate reasons clearly enough to allow substantive review. *Thompson v. Sullivan*, 741 F. Supp. 1297 (N.D. Ill. 1990).

The Commissioner must consider all the evidence and explain on the record the reasons for his findings, including reasons for rejecting evidence in support of the claim.   *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980).   The undersigned respectfully proposes that the presiding District Judge find that the ALJ's decision is not supported by substantial evidence.   The ALJ did not discuss the impact of the conflicting evidence.   Nor did the ALJ explain what weight, if any, he gave Claimant's assertion that he stopped taking prescribed medication to treat migraines because it caused him to experience negative side effects.   Although the regulations state that "prescribed treatment" must be followed, there are exceptions, for good cause.   The ALJ did not provide any discussion as to whether the Claimant's side effects constituted an exception.   Without any discussion the reviewing court does not know what weight the ALJ gave Claimant's assertion of negative side effects from otherwise successful treatment for migraines.   Moreover, the ALJ provided inconsistent findings on whether the treatment and medication improved Claimant's

8

severe impairment.

Because the court has proposed remand on these grounds, the court finds it unnecessary to address the specific issues raised in the parties' cross-motions for judgment on the pleadings. Instead, the court proposes that the presiding District Judge **DENY** the cross-motions for judgment on the pleadings.

<u>Conclusion</u>

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Complainant's Brief in Support of Judgment on the Pleadings, **DENY** the Commissioner's Brief in Support of the Defendant's Decision, **REVERSE** the final decision of the Commissioner and **REMAND** this case for further proceedings pursuant to sentence four of 42 § U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED and a copy will be submitted to the Honorable Judge Thomas E. Johnston.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  July 16, 2015

Dwane L. Tinsley
United States Magistrate Judge